# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>v.<br>JUAN YBARRA,<br>　　　　　　Defendant. | Case No.: 13cr4515(1) BEN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>**[ECF Nos. 127, 130 & 131]** |

　　　　Before the Court is a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) and a request for appointment of counsel. Defendant moves for a reduction of his sentence under § 3582(c)(2), arguing that Amendment 782 to the U.S. Sentencing Guidelines warrants the modification. The motion is both moot and without merit.

　　　　Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for a sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Lizarraras-Chacon*, _ F.4th _, No. 20-30001 (9th Cir. Sept. 23, 2021); *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 879 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). The United States Sentencing Guidelines Manual § 1B1.10 authorizes a sentence reduction if the retroactive amendment has the effect of lowering the defendant's applicable Guideline range. To apply this policy statement, a court determines whether the Guideline range is lowered by calculating the amended Guideline range that would have been applicable to the defendant if the relevant Guideline had been in effect at the time the defendant was sentenced. Another provision of the policy statement generally prohibits sentence reduction if the original term of imprisonment is

below the lower end of the amended Guideline range (§ 1B1.10(b)(2)(A)).

Defendant does not qualify at the first step for a sentence reduction under Amendment 782. Defendant was convicted of conspiracy to import methamphetamine. He was sentenced in February 2015, under the then-newly-revised Guideline to a term of 211 months in prison.

Represented during sentencing by very competent counsel, Jami L. Ferrara, Esq., Defendant filed a sentencing memorandum highlighting the newly-lowered base offense level in footnote 2. Ferrara aptly noted the base offense level had been reduced from 32 to 30. During the sentencing hearing, Ferrara made sure that the Court was aware of the newly-lowered base offense level for calculating the Guideline range.

At the sentencing hearing, Defendant's Sentencing Guideline range was calculated to be a final offense level of 31 and a Criminal History Category VI, yielding a Guideline Range of 188-235 months. In calculating the applicable Guideline Range, the Court used the amended base offense level of 30, just as Defendant asked. Ultimately, Defendant was sentenced within the resulting Guideline range as calculated. Thus, Defendant is not eligible for a further reduction.

Finally, this motion was referred to Federal Defenders, Inc., which advised that the appointment of counsel is unnecessary to determine the motion. Thus, Defendant's motion for appointment of counsel for purposes of the § 3582(c)(2) motion is also denied.

Therefore, Defendant's § 3582(c)(2) Motion for Reduction in Sentence is denied.

IT IS SO ORDERED.
DATED: September 24, 2021

_____
HON. ROGER T. BENITEZ
United States District Court Judge