UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>v.<br><br>JUAN YBARRA (1),<br><br>                             Defendant. | Case No.:  13-cr-4515-CAB<br><br>**ORDER ON MOTION FOR REDUCTION OF SENTENCE [DOC. NO. 140]** |

Before the Court is the motion of defendant Juan Ybarra for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides authorization for a court to reduce a term of imprisonment for extraordinary and compelling reasons. Additionally, he contends he was erroneously classified as a career offender resulting in a miscalculation of his guidelines making his sentence unjust and fundamentally unfair. [Doc. No. 140.]

The defendant was sentenced on February 17, 2015, for Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). [Doc. No. 102.]

In calculating the defendant's guidelines at sentencing, the defendant's base offense level was 30 (500 grams of methamphetamine mixture)[1]. The defendant however was

---

[1] The sentencing judge applied the then recently lowered base offense level for controlled substance convictions. [Doc. No. 136.]

classified as a career offender pursuant to USSG § 4B1.1(a) and his offense level was adjusted to 34. USSG § 4B1.1(b). He received a 3-point downward adjustment for acceptance of responsibility. His resulting total offense level was calculated to be 31. [Doc. Nos. 79 and 136.]

His criminal history score was $18^2$, placing him in Category VI. [Doc. Nos. 73, 79 and 98.] His guideline range was 188 to 235 months prior to any departures or variances.

The sentencing judge then considered the 3553(a) factors and the sentenced the defendant to mid-guideline sentence of 211 months of custody. [Doc. No. 102.]

Defendant contends his sentence was unjust and fundamentally unfair in that he was improperly classified as a career offender. Specifically, he contends his prior 2011 state conviction for drug trafficking in violation of Cal. H&S Code 11378, Docket No. SDCA 23473, should not qualify as a predicate career offender controlled substance felony conviction. The defendant was convicted of possession of a narcotic controlled substance for sale, a felony. Records demonstrated he admitted in special allegations that he possessed in excess of 28.5 grams of methamphetamine, a Schedule II controlled substance, and he was sentenced to six years in prison. *U.S. v. Ocampo-Estrada*, 873 F.3d 661, 668-69 (9th Cir. 2017) (sentencing court may use the modified categorical approach to determine which controlled-substance element necessarily formed the basis of an offender's prior conviction under section 11378).

The defendant also had a 1992 scoring conviction for voluntary manslaughter in violation of Cal. Penal Code 192(a), Docket No. SF67854, a felony for which he received three years in prison. Numerous parole violations resulted in this being a scoring offense at the time of his sentencing.

---

[2] Under the 2023 Amended Guidelines reducing status points, the defendant's criminal history score receives only one status point instead of two and his score is 16. Regardless he is still in a Criminal History Category VI. His career offender classification also automatically places him in a Category VI. USSG §4B1.1(b).

The defendant was correctly classified as a career offender. His sentence was neither unjust nor fundamentally unfair.

The defendant also seeks a sentence reduction based on extraordinary and compelling reasons. He has not met his burden to establish such conditions.

Defendant submitted his request for compassionate release to the warden of the institution in which he is incarcerated on or about February 21, 2024. His request was denied on April 2, 2024. [Doc. No. 140, at 15-16.] He then filed his motion, *pro se*, on April 19, 2024, for a sentence reduction based on extraordinary and compelling reasons.

Defendant's motion fails to identify any justification for a sentence reduction. While he contends that individuals with medical conditions who cannot receive adequate medical care may qualify for early release, he states that "at this time [he] does not suffer from any medical condition that requires long term or specialized care." He notes that prisoners who are survivors of sexual or physical abuse that results in serious bodily injury may qualify for early release, he states that "at this time [he] has not suffered from any act of physical abuse." [Doc. No. 140.]

The defendant expresses generalized concerns regarding potential future COVID-19 exposure. He has not established that his circumstances are extraordinary. He has not represented that he is in any imminent danger or has a medical condition that puts him at risk for serious health complications. [Id.] Moreover, the risks posed by COVID-19 have diminished with the availability of vaccinations. There is no evidence presently of uncontrolled outbreaks in the defendant's facility. His speculative and hypothetical concerns do not rise to extraordinary circumstances.

Having reviewed the defendant's motion and the relevant records in this case the Court denies the defendant's request for reduction of sentence.

**IT IS SO ORDERED.**

Dated: July 2, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge